IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA DENISE NAILS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:18-cv-1050-WKW-SRW |
| | ) |
| VAUGHN TOWERS, | ) |
| | ) |
| Defendant. | ) |

### **ORDER and RECOMMENDATION**

By order entered on December 21, 2018, the District Judge referred this case to the undersigned for consideration and disposition or recommendation on all pretrial matters. (Doc. 4). Plaintiff Angela Denise Nails, proceeding *pro se*, filed an application to proceed in court without prepaying fees (Doc. 2), which the court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. She subsequently filed a second motion to proceed *in forma pauperis* (Doc. 5). In relevant part, section 1915 provides that

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A review of the plaintiff's application reveals that she lacks the resources to pay the filing fee. Accordingly, upon consideration, it is

1

ORDERED that the construed motion to proceed *in forma pauperis* (Doc. 2) is GRANTED, and the plaintiff's subsequent motion to proceed *in forma pauperis* is DENIED as moot.

However, upon review, the court concludes that plaintiff's complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)[1] because it fails to state a claim and, even if it did, plaintiff's claims would be barred by the applicable statute of limitations.

Plaintiff alleges that defendant Vaughn Towers discriminated against her on the basis of her race in violation of the Fair Housing Act ("FHA") when defendant asked her to move out of the apartment complex after she was in an altercation with another resident. (Doc. 1). Plaintiff claims that the Dothan Police Department were called to the building because the other resident assaulted plaintiff, striking plaintiff with her legs and feet and bruising plaintiff's legs. *Id.* at 1. According to the complaint, the incident occurred on August 30, 2006. *Id.* Plaintiff alleges that the other resident was a white female. *Id.* She claims that "[t]he Defendant did nothing to the white female and did ask the African American female to move." *Id.* Plaintiff filed a housing complaint relating to the August 30, 2006 incident. *Id.* She seeks $150,000 in damages. *Id.*

The Eleventh Circuit has explained what is required to state a cause of action for discrimination under the FHA as follows:

> At the pleading stage, the relevant question is whether the complaint provides "a short and plain statement of the claim" that "give[s] the

---

[1] The statute provides, in relevant part: "[T]he court shall dismiss the case at any time if the court determines that … the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B).

> defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In a discrimination case, "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required *prima facie* case in a particular case." *Id*. Thus, the allegations in the complaint "should be judged by the statutory elements of an FHA claim rather than the structure of the *prima facie* case." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 250 (9th Cir.1997); *see also Ring v. First Interstate Mort., Inc.*, 984 F.2d 924, 927 (8th Cir.1993).

*Hunt v. Aimco Prop., L.P.*, 814 F.3d 1213, 1221–22 (11th Cir. 2016). "Section 3604(a) prohibits blatant refusals to rent or sell, as well as actions that have the effect of limiting the availability of housing to members of protected classes." *Hall v. Lowder Realty Co.*, 160 F. Supp. 2d 1299, 1319 (M.D. Ala. 2001) (citing *Secretary, United States Dep't of Housing & Urban Dev. v. Blackwell*, 908 F.2d 864 (11th Cir. 1990) and *Jackson v. Okaloosa Cty.*, 21 F.3d 1531, 1542 & n.17 (11th Cir. 1994)). The section most pertinent here, Section 3604, makes it unlawful to "make unavailable or deny, a dwelling to any person because of race [or] color." 42 U.S.C. § 3604(a). To state a claim under the FHA, "[a] complaint must allege that the adverse action was taken because of a [plaintiff's race or color] and state the facts on which the plaintiff relies to support that claim." *Hunt*, 814 F.3d as 1222. While plaintiff's complaint makes a general reference to race, she does not allege specifically that she was asked to move out because of her race and does not identify any facts supporting a claim that her housing was denied or otherwise made unavailable to her due to her race. Rather, she alleges she was asked to move after being involved in an altercation with a white female resident. Thus, even construing plaintiff's *pro se* pleading liberally, her complaint fails to state a claim under the FHA.

3

Even more problematic, however, is the fact that the alleged events occurred over 12 years ago. The FHA provides that "[a]n aggrieved person may commence a civil action ... not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." *See* 42 U.S.C. § 3613(a)(1)(A). The Eleventh Circuit has held that "[t]he FHA's statute of limitations begins to run as soon as facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Telesca v. Vill. of Kings Creek Condo. Ass'n, Inc.*, 390 F. App'x 877, 882 (11th Cir. 2010) (citations and internal quotation marks omitted). The only injury alleged in plaintiff's complaint derives from an incident that occurred in 2006. The statute of limitations for an action under the FHA has long since passed.

Generally, the statute of limitations is raised as an affirmative defense. However, when a plaintiff proceeds *in forma pauperis* in a civil action, the court may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F. 2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F. 2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at n.2. Accordingly, the plaintiff's FHA claim is due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Accordingly it is the RECOMMENDATION of the Magistrate Judge that this matter be DISMISSED prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that **on or before March 19, 2019**, plaintiff may file an objection to this Report and Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 5th day of March, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge